NOT DESIGNATED FOR PUBLICATION

Nos. 115,206
115,207
115,208

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERIS M. CAMARGO,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP B. JOURNEY, judge. Opinion filed October 28, 2016. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before SCHROEDER, P.J., LEBEN and GARDNER, JJ.

*Per Curiam*: Jeris M. Camargo appeals, claiming the district court abused its discretion in revoking his probation and imposing his original sentence following a third probation revocation hearing involving case Nos. 11CR1331, 12CR2211, and 13CR1849. The facts of this case are well known to the parties. At the third probation revocation hearing, Camargo did not contest he had committed a new felony and misdemeanors while on probation. A court may revoke probation without imposing an intermediate sanction if the offender commits a new felony or misdemeanor while on probation. K.S.A. 2015 Supp. 22-3716(c)(8). The decision to revoke probation rests with the sound discretion of the trial court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial action constitutes an abuse of discretion if the action (1) is arbitrary,

1

fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). We find no abuse of discretion and affirm the district court.

Affirmed.